MARY HOSKINS, Respondent, v. THE CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, October 26, 1885,

CASE ADJUDGED.—The court *holds* that the evidence in this case tends
to support the averments of the petition; that the instructions given
were all that defendant was entitled to, and fully presented to the
jury what facts were necessary to be established before there could
be a finding for plaintiff, and that the instructions refused were
rightly refused, and that there was sufficient evidence to sustain
the verdict.

APPEAL from Mercer Circuit Court, HON. G. D. BUR-
GESS, Judge.

*Affirmed.*

The instructions given by the court, referred to in the
opinion as "being all that defendant was entitled to,"
are as follows:

The court instructed the jury for plaintiff as follows:

"1. The jury are instructed that if they believe (from
the evidence) that the plaintiff's mares went on the de-
fendant's railroad, and were run over by an engine and
train of cars and were killed, and that said mares were
upon said railroad in consequence of the failure of the
defendant to erect and maintain a lawful fence on the
sides of said railroad at a point where they went on the
same, they will find for the plaintiff the value of said
mares."

And for the defendant the court gave the following
instructions:

"2. The burden is on the plaintiff to show by a pre-
ponderance of the evidence, not only that the fence was
defective, but that the horses went upon the track and
were killed by reason of such defect; and it is not enough
to show that the horses might have gone upon the track
by reason of the defects in the fence. The evidence must

show that they did go upon the railroad grounds through the fence by reason of defects in the fence described by the witnesses, and in the absence of such proof the jury must find for the defendant."

"3. If the jury believe from the evidence that the horses went upon the railroad through either of the gates in proof, the finding must be for the defendant."

"6. Proof that plaintiff's horses might have gone through the space at the south end of the bridge is not sufficient to authorize a verdict for plaintiff. The proof must show that the horses did, in fact, go through the space between the fence near the bridge, and in the absence of such proof the jury must find for the defendant."

The jury found a verdict for the plaintiff for three hundred dollars, of which the plaintiff entered *remittitur* for fifty dollars, and on motion of the plaintiff the court rendered judgment in her favor for five hundred dollars, as double damages.

The opinion of the court sufficiently refers to the facts.

M. A. LOW and H. C. McDOUGAL, for the appellant.

I. The complaint alleged that the animals got upon the track "by reason of the failure of defendant to fence said railroad at said point." The evidence wholly failed to support this allegation, and defendant's demurrer thereto should have been given.

II. The evidence affirmatively shows that the horses got in through the west gate—one of the two gates in proof. Hence plaintiff's *first* instruction should have been refused. The verdict was clearly against instructions two, three, and six, given for defendant. The verdict was the result of prejudice against defendant.

III. As there was no evidence tending in any degree to prove that the animals went upon the railroad by reason of the condition of the right of way, the de-

fendant's fourth and fifth instructions should have been been given, and if there *was* such evidence it was error to refuse defendant's eighth instruction that the plaintiff must prove that the horses got through the gaps at the bridge, or find for the defendant. And if the jury were unable to find where the animals went upon the track, they should have found for the defendant, and defendant's seventh instruction to that effect should have been given.

IV. The gates in question were at a farm crossing. The proof tends to show that they were closed the evening before, but even if it had not so shown there is no evidence that defendant knew it, or could have known it by the exercise of ordinary diligence, and without that proof the plaintiff could not recover. *Ridenour v. R. R. Co.*, 81 Mo. 227, and cases cited.

V. There was not only a clear failure of proof, but the evidence shows affirmatively that defendant was not liable, and the court not only erred in giving and refusing instructions, but the jury disregarded the instructions that were given, and judgment should be reversed.

M. F. ROBINSON and H. G. ORTON, for the respondent.

I. The preponderance of the evidence was that the mares got on the railroad through the defective fences, which were down so that the stock could go on the track at will, in two places, within a few feet of where they were killed. The question as to whether the mares got on the track through the gate or at the bridge where the fence was down, was submitted to the jury by proper instructions, and there was abundant evidence to support their verdict.

II. Instruction eight asked by defendant, was covered by instruction six given for defendant. So number seven was calculated to mislead the jury, and the same point was covered by number six, given for it. There was no testimony on which to base number four, which

was properly refused. Numbers one and five were in the nature of a demurrer to the evidence, and there was abundant evidence on which the case should have been submitted to the jury.

III. Defendant admits that the gates were closed the evening before the mares were killed, and it was proved that the horses were inside "at dusk." The gate was a "slide gate," one that does not come open by accident. When it is shown that the gates were closed and the fences down, it would be legitimate to conclude that the horses got in through the *open fence* rather than through the *closed gate.*

IV. The jury were the sole judges of the credibility of the witnesses and the weight to be given to their testimony.

ELLISON, J.—This is an action under the statute to recover double damages for the killing of plaintiff's mares by appellant, at a point on the line of its road where, as is alleged, there was no sufficient fence as required by section 809, Revised Statutes, 1879.

There was a farm crossing, with gates, near by, where the killing occurred, as also two bridges, called "the twin bridges."

There was a jury trial resulting in a verdict for plaintiff for three hundred dollars, a *remittitur* being entered for fifty dollars, leaving two hundred and fifty dollars as the verdict, which was on motion, doubled by the court.

There was evidence tending to show the horses got upon the track through the gates, and also to show their entrance was by way of a gap in the fences. The instructions given by the court were all that defendant was entitled to, and very fully presented to the jury what facts were necessary to be established before there could be a finding for plaintiff.

Those refused were rightly so. All that was proper in them had already been embodied in those given. There is no ground of complaint in the refusal of the de-

murrer to the evidence, as an examination of the testimony satisfies us there was sufficient evidence upon which to base a verdict.

The judgment is affirmed.    All concur.